FILED
United States Court of Appeals
Tenth Circuit

May 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL CAVE,

Defendant - Appellant.

No. 07-3361
(D. Ct. No. 5:07-CV-04057-JAR)
(D. Kan.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

Michael Cave pleaded guilty to misprision of a felony, *see* 18 U.S.C. § 4,

and was sentenced to 21 months' imprisonment. Appearing pro se, Mr. Cave then

moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,

arguing that his loss of certain civil rights violated his Sixth Amendment right to

a jury trial.[1] The district court denied relief and did not issue Mr. Cave a

certificate of appealability ("COA"). Mr. Cave renews his motion for a COA in

---

[1]Mr. Cave also argued that he received ineffective assistance of counsel
because his attorney failed to warn him that he would suffer these civil penalties
as a result of his felony conviction and because his attorney did not raise the issue
during the proceedings. The district court denied relief on this point, and Mr.
Cave does not renew this challenge on appeal.

this Court, which we DENY.

A petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2255 unless a COA is granted. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires the petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), Mr. Cave contends that his Sixth Amendment rights were violated because he lost the right to vote, bear arms, sit on a jury, and obtain certain professional licenses for a period longer than the three-year maximum sentence allowed under 18 U.S.C. § 4. A defendant's Sixth Amendment right to have a jury determine the facts beyond a reasonable doubt, however, is limited to facts that increase his *sentence* beyond the statutory maximum for the offense charged. *See Blakely*, 542 U.S. at 304–05; *Booker*, 543 U.S. at 232. Mr. Cave was sentenced to 21 months' imprisonment, which is less than the statutory maximum of three years under 18 U.S.C. § 4. And, as the district court noted, Mr. Cave points to no judicial factfinding that resulted in these "lifetime penalties."

Reasonable jurists could not debate that Mr. Cave failed to present a claim that he was denied his Sixth Amendment right to a trial by jury. We therefore DENY his application for a COA on this issue. His motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge